UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD JONES,

    Plaintiff,

Case No. 13-cv-12562

v.

HONORABLE STEPHEN J. MURPHY, III

MARIO BAYONETO, et al.,

    Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**
<u>(document no. 22)</u> **AND DISMISSING CASE FOR FAILURE TO PROSECUTE**

This is a prisoner civil rights action brought under the Eighth Amendment. Plaintiff Clifford Jones, proceeding pro se and in forma pauperis, brought suit against defendants Mario Bayonet and several other officers of the Federal Corrections Institute–Milan ("FCI Milan"), and the United States of America, alleging a deliberate indifference claim involving a broken finger. The Court referred the case to a U.S. Magistrate Judge. On June 16, 2014, the magistrate judge issued a Report and Recommendation ("Report") suggesting dismissing the case for failure to prosecute.

The Report noted that the defendants filed a motion to dismiss on November 4, 2013. The magistrate judge ordered Jones to respond by December 19, 2013, and warned Jones that "[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party." Report 1, ECF No. 22 (quoting Order Requiring Response, ECF No. 13). On November 20, 2013, Jones moved for an extension of time, and, after the magistrate judge extended the response deadline to February 20, 2014, moved for a third extension of time. The magistrate judge also granted this motion, gave Jones until June 9, 2014 to file his response, and warned him that failure to respond would

result in a recommendation to the Court that the case be dismissed for failure to prosecute. *Id.* at 2 (citing ECF No. 21). Despite multiple extensions of time and clear warnings, Jones filed no response. Based on the fact that Jones continued to move for extensions of time, and yet failed to respond to a court order by actually filing a response, the Report recommended dismissing the case for failure to prosecute with prejudice due to Jones' "clear pattern of delay." *Id.* at 5-6 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Because neither party filed objections, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings and dismiss the case with prejudice for failure to prosecute.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation (document no. 22) is **ADOPTED**. This case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 9, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 9, 2014, by electronic and/or ordinary mail.

                                                          s/Carol Cohron  
                                                        Case Manager